## Commonwealth ex rel. Moss v. Myers

*James Moss*, p.p., for relator.

*Paul A. McGinley* and *Robert Lesko*, for respondent.

HENNINGER, P. J., July 22, 1957.—On January 2, 1956, in no. 90, January sessions, 1956, relator was sentenced by this court on the charge of larceny and receiving of a motor vehicle to a term of imprisonment in the Lehigh County Prison of not less than six months nor more than one year from December 5, 1955.

On January 29, 1956, he made an unsuccesful attempt to escape from prison and on March 21, 1956, he pleaded guilty to prison breach and attempted escape in no. 239, January sessions, 1956, and was sentenced to serve a term of not less than one and one-half years nor more than three years in the Eastern State Penitentiary. At the same time, the court ordered that he be transferred to the Eastern State Penitentiary for service of the balance of the term to be served in the Lehigh County Prison on no. 90, January sessions, 1956.

On May 24, 1957, relator filed a "motion to quash and/or vacate sentence," which, coming after the expiration of the term at which sentence was imposed, we have construed as a petition for a writ of habeas corpus, upon which we granted a rule to show cause why such writ should not be allowed.

Respondent is complaining about a 'detainer' that is filed with the warden at Gratersford, to which he has been transferred by the State authorities, by which he probably means the certification of the sentence in no. 90, January sessions, 1956, to the warden of the Eastern State Penitentiary.

Since this case is to be decided entirely upon matters of record, relator's personal presence is not required for disposition of the questions involved.

On any view of relator's case, he is not entitled to release at this time. Reading the sentence in no. 239, January sessions, 1956, it is obvious that the court was invoking the provision of section 1 of the Act of July 29, 1953, P. L. 1445, 18 PS §4309, which states:

"Any person undergoing imprisonment who breaks prison and escapes, or shall break prison although no escape is actually made, is guilty of prison breach, a felony, and, on conviction thereof, shall be sentenced to undergo imprisonment, by separate and solitary confinement at labor, for a term not exceeding ten (10) years.

"Said sentence shall commence from the expiration of the original sentence and any other sentences previously imposed which remained to be served at the time the offense of prison breach was committed.

"If the offense of prison breach is committed while such person is undergoing imprisonment in any institution other than a State penal or correctional institution, the judges of the courts of oyer and terminer, general jail delivery and quarter sessions of the peace may sentence such prisoner to the proper penitentiary

for the crime of prison breach, and add to said sentence for prison breach a further sentence to the said penitentiary for a period of time equal to the term or terms which remained to be served at the time of the offense of prison breach on the original sentence and any other sentences previously imposed.

"The word 'imprisonment' as used in this section, means actual confinement in any penal or correctional institution located in this Commonwealth, or any restraint by lawful authority pursuant to a court/ order or after conviction of any crime."

It is to be noted that the court made no statement as to the order of serving the sentences or the date of commencement of the sentence in no. 239, January sessions, 1956. They are, therefore, governed by the statutes applicable thereto.

Under the second paragraph of the Act of 1953 above quoted, if relator had been sentenced to Lehigh County Prison, the sentence for prison breach would have followed the expiration of the previous sentence. The provisions of the Act of 1953 would take precedence over the general proposition of law that a sentence is to date from the date of imposition unless otherwise specified.

On the other hand, since the sentence for prison breach was to the Eastern State Penitentiary, it is our opinion that it would date from the date of imposition. Since the third paragraph of the Act of 1953 permits the court upon sentencing to a State penal institution for prison breach to "*add* to said sentence for prison breach . . ." the unserved time in the 'other' prison, in our opinion the words "add to" clearly imply that the unserved term at the time of prison breach shall be served after the penitentiary time on the prison breach, reversing the order prescribed in paragraph 2 of the Act of 1953.

Someone, somewhere along the line, had determined

that the sentence for prison breach was to begin from the date of the breach. There is no such provision in the sentence as imposed. Since relator was in prison serving sentence when the prison breach occurred and since paragraph 2 of the Act of 1953 postpones the service of a term of prison breach to that being served when the breach occurred, it is our opinion that all time served in our prison prior to removal to the penitentiary must be credited against the earlier sentence.

From relator's point of view, there is nothing lost either way. What he has already served on the maximum of the larceny sentence need not be served after a possible parole on the prison breach sentence. If the time spent in prison between the attempted prison breach and the imposition of sentence is credited against the sentence for prison breach, there is that much more time to be spent on the maximum sentence for larceny.

Our interpretation of the Act of 1953 would be that: (1) Relator, when sentenced for prison breach, had served three months and 16 days of his maximum sentence for larceny, leaving eight months and 14 days still to be served; (2) prison breach during the service of the larceny sentence subjects relator to the maximum sentence imposed, without benefit of parole on that sentence; (3) upon sentence to the Eastern State Penitentiary for prison breach, relator began the sentence for prison breach; (4) upon technical parole on that sentence, he will begin to serve the eight months and 14 days unserved on the larceny charge; (5) the matter of a technical parole at the expiration of the minimum sentence for prison breach is within the discretion of the parole board.

Now, July 22, 1957, the motion to quash and/or vacate the sentences imposed on relator is denied and the rule to show cause why a writ of habeas corpus should not issue is discharged.